US District Court
Northern District of Iowa
(Western Division)

Jessica Rose Ott
   Plaintiff

v.

United States of America,
   Defendant

Case No: 5:19-cr-04021-LTS-KEM-3

5:19-cv-4056-LTS-KEM

Plaintiff's motion To Vacate, Set Aside, or Correct Sentence, Pursuant To 28 U.S.C. § 2255

Comes Now, Jessica Rose Ott, known herein as the Plaintiff, in pro se form seeks this honorable Court to grant her under post-conviction relief statutes the right to prove that she is deserving of a writ of habeas corpus. This burden of proof is, most often, impossible for a layman of law to meet in the one year she is allotted to learn advanced habeas corpus law and practice. Ott will show the cause and prejudice go directly to her unlawful sentence.

Ott will show Jurisdictional Claims; unconstitutional Sentence & Conviction; Right to effective Counsel Claims; and moves to attach the plea; Structural errors; actual Innocence; Fraud and Conflict of Interest.

After much due diligence by this plaintiff the discovery that actual innocence, ineffective assistance of counsel and deprivation of due process are not actionable under § 2255, unless it's the cause and prejudice that go directly to an unlawful Sentence. Thus § 2255 is ineffective to challenge Constitutional violations such as the kidnapping of innocent americans, or the due process violation of constructive denial of counsel. Therefore, the courts require that a criminal defendant raise claims of ineffective assistance of counsel in a § 2255

proceeding; effectively sheilding the attorney from further action because his deficiencies were merely the cause for rasing a claim in an earlier proceeding. Clearly protecting the counsel is preplanned by the government and can be in no way seen other than fraud and conflict of intrest between the defendant and their counsel. The government has the duty to make it known in court that he is knowningly causing this conflict of intrest, preventing counsel from practicing loyal, constent, focused assistance of counsel. By counsel preplanning his protection in a conttract with the government shows he never intended to truly defend his client and therefore simply does not as Ott's counsel did protect the plaintiff's rights, libertys, life, as a person, the defendant is merely a property to be traded' from freedom to captivity with the very defense counsl allowing the government to go for the highest prison sentence possible whether right or wrong; as is what has happened with this plaintiff.

 Ott's counsel never brought forth any evidence for her defense. Counsel knew that the State had documented the plaintiff was a "victim" and that she was never claimed to have been in possesion of a firearm and all witnesses admitted to being the persons in "possesion" of the firearms. Counsel even failed to attempt to investigate any of the overwhelming evidence that would have proven her actual innecence of the violent crime or gun charges that the government stacked causing with prejudice a much higher prison sentence then she would have been facing. According to Webster's New World Law Dictionary (page 202) the meaning of "Possession" n. exercising dominion over property; having custody and control of property. (page 184) the meaning under Law of "offense" n. Any violation of the law for which

Case 5:20-cv-04056-LTS-KEM Document 1 Filed 12/07/20 Page 2 of 12

the Judicial Code demands there be a penalty, including misdemeanors and felonies.

Ott never committed the "offense" of this violent crime, gun charge and is by the meaning of "possesion" she never exercised dominion over the firearm that was used against the victim. And further more the government purly mislead the Courts about her activites and the fact she had zero preknowledge for conspricy and was held trapped and pistol whipped, beaten and not allowed to get out of the car and was unarmed. She was in proveable threat of her very own life at that time. Ott went back to the scene to aide the state before the Federal Government took over. Ott went from victim to bigger victim in the federal justice system.

Clearly the plaintiffs rights to effective assistance of counsel was never a concern to the Court appointed Counsel or government. There was a preponderance of evidence that counsel never investigated, or attempted to learn, which is shown by the plaintiff's docket sheet.

On page 4 of 11; 4/3/2019, Judge appoints Ott Counsel (Joshua W. Weir)

Counsel did not file any motions on behalf of Ott, never asked for discovery, for investigator and then on page 8 of 11, 6/28/2019 #73, Counsel places notice of consent to entry of a guilty plea. On page 8 of 11, 7/23/2019 #85 Hearing as to Defendant Jessica Rose Ott held on 7/23/2019.

Docket sheet clearly and plainly shows Ott's counsel had no desire to protect her rights or life and wanted only her to sign the government plea agreement which Ott will show was a "letter" and a preplea agreement conttact.

Causing her 5th Amendment and 6th Amendment rights to be grossly violated.

Many restrictions are well known to those who conduct their buisness in the legal field. It's absurd to assume that someone outside the legal profession would be aware of such restrictions without being advised of such.

The record for Ott's clearly shows her long desire to go forward with a trial. During this time period counsel insisted that she would plea out. The record shows this "all of the sudden agreeing to plea guilty by Ott" also that counsel made no attempts to prepare himself or his client for trial, with his failure to investigate, interview state police, witnesses, to show evidence of her being held and beaten by the actual shooter and his back up.

Once again, the assumption is made that counsel must have advised his client because of the strong presumption of reasonableness, another principle the petitioner was not made aware of, this petitioner has been prejudiced by this very assumption alone.

The Plaintiff argues that her plea agreement and/or contract is voidable because it was engineered and executed as a misleading device intended to defraud the Court, the plaintiff and the public's intrest in justice; to wit: The NAC's position is that the trial judge should refuse to accept a plea from a defendant who asserts facts inconsistant with guilt or is "unable or unwilling to recount facts establishing guilt" even though there may be a "factual basis" for the plea as required by the ABA Standards. Thus, the NAC's position is stronger than the ABA's in requiring that not only must there be a factual basis for the plea, but the defendant must also admit facts consistent with the guilt ofenderod ABA Standards. Ott told her counsel she was victimized, told

him she was NOT in possession of said firearm and that State held evidence to all. Yet, he refused to defend.

Once in court she was told by counsel to agree with everything asked and to be silent or the government was going to add other charges that they agreed to dismiss (only after) she agreed to what judge asked. This was so misleading and a trap for the Plaintiff to help the government ensure a high sentence against her ownself while protecting the very counsel who was not protecting her freedom and rights, but aided the very ones against his client.

In the Plaintiff's plea hearing, she did not admit to a single element of the charged offense. This is easily determined in the courts record See United States v. Sylvester, 583 F.3d.285, 288 (5th cir. 2009):

> "When determining whether the factual basis for a guilty plea is sufficient the district court must compare the conduct which defendant admits and the elements of the offense."; et. United States v. Marek, 238 F.3d. 310, 315 (5th cir. 2001) (en banc)

"The acceptance of a guilty plea is a factual finding reviewed for clear error." The Petitioner's guilty plea is obviously voidable and contested factual issue.

In this case, counsel advised the petitioner to enter into a agreement to plea guilty. To solidify this agreement, counsel advised the petitioner to sign a contract agreeing to enter such a plea. The contract in question was based on omissions of fact and law. This is no different than a real estate attorney executing a closing that had a hidden provision forcing a party to make additional payments after executing the closing or a provision that required the buyer to turn in the property a month after the purchase. This sort of

failure would render a real estate contract invalid in any court. This contractual tactic is fraudlant. A criminal defendant who pleads and later discovers her rights to adequate representation was denied would be barred from relief by a hidden and/or extrinsic condition of an agreement that was not annunciated in the contract or plea hearing. This tactic is in violation of basic law for denying justified expectation. Counsels advise to enter such a contract creates an extrinsic ineffective assistance of counsel waiver, a conflict of intrest.

A) Almost every State Bar Association has said in a formal opinion that collateral attack waivers are wrong and cause a conflict of intrest between a defense counsel and his client. In fact, the Kentucky State Supreme Court has said that collateral attack waivers "create a non-waiveble conflict of intrest between the defendant and his attorney" United States v. Kentucky State Bar Assoc., NO:2013-SC-270-KB (KY.2014). The court also said it is an "ethical breach" by defense counsel. Id. When viewed through the lens of conflict of intrest, the problem of collateral attack waivers become quite clear.

B) Counsel owes the client a duty of loyalty a duty to aviod conflicts of intrest. "Stickland v. Washington 466 U.S 668, 688 (1984). The Sixth amendment of the Constitution's right to counsel includes the "right to representation that is free from conflicts of intrest." Wood v. Georgia, 450 U.S. 261, 271 (1981) and this "conflict free" representation extends to plea negotiations. Moore v. United States, 950 F. 2d. 656, 660 (CA 10 1991). The Supreme Court even said that if a petitioner can show counsel operated under a conflict of intrest he doesn't even have to show that he was prejudiced (that counsel's errors changed the outcome of the proceedings) Cuyler v. Sullivak

466 U.S. 335, 350 (1980)

C) It is well established that plea agreements are "contracts" Santobello v. New York, 404 U.S. 257 262-263 (1971) So, if we take a look at how a conflict of intrest would affected a contract's validity, we see more issues that are fatal to the plea agreement, or "contract". If a party commits fraud while negotiating a contract, the contract is VOID as if it never existed. Godly v. United States, 5 F.3d. 1473, 1476 (Fed. Cir. 1995)(VA contract tainted by fraud... is void ab in to) Such as if the government adds a provision for appeal, or otherwise collaterally attack, the conviction or sentence in which the petitioner relies, in an effort to entice him to agree, only to have an embedded provisions that voids the right to appeal that the petitioner relies on to enter the agreement.

The government commits fraud during contract negotiations when it places a provision in the contract it knows will create a conflict of interest between defense counsel and the defendant.

A colateral attack waiver creates a conflict of interest between defense counsel because of its being unethical for defense counsel to advise his client to enter into a contract (to accept a plea agreement/offer) when the contract has a waiver preventing the client from later challenging his lawyers advice.

D) "Fraud is a generic term" Bagland v. Shattuck National Bank, 36 F.3d. 983, 990 (CA 18 1994). It encompassed a broad range of ways "by which another is cheated."

ID fraud occurs when a party in an agreement has a duty to speak but "fails to disclose the whole truth." Id. at 991. The government, as a party in a contract, has an obligation to say a waiver could cause a conflict of interest. Being constructive fraud when the government KNOWINGLY remains silent on that issue. Actual fraud in a contract VOIDS the contract as if it never existed.
Case 5:20-cv-04056-LTS-KEM   Document 1   Filed 12/07/20   Page 7 of 12

With this Plantiff, counsel nor government voiced to her nor in court that there was a conflict of interest that should have been explained to her. Also that she signed a "letter" from the government not the plea. Counsel withheld factual evidence while being protected by the government.

A conflict of interest between client and attorney is an egregarious prejudice which irreparably tainted the clients defense To wit: Both counsels deprived the deffendant of her civil rights to contract as provided in 42 U.S.C. § 1981, all in violation his 1st and 5th, and 6th Amendment rights.

Plantiffs contract should be VOIDED and scentence Vacated, corrected in need of justice.

Ott's plea could not truly be voluntary, she did not possess understanding by law as well as facts. "Entry of guilty plea waives several constitutional rights and since guilty plea admits all elements of criminal charge, it cannot be truly voluntary unless defendant possesses understanding of law as well as facts." Monroe V. United States, (1972, CA 5 Fla) 463 F.2d 1032.

Counsel never told Ott she would be "stacked" on time for her agreeing to 924C charge and walked her blindly into a "hanging" recieving a stacked gun charge. Not only but Ott had evidence that she was not in "possession" and was actually innocent of this charge. Counsel was not merely ineffective, but grossly cruel and dismissive of her life and freedom.

Plantiff could not have understood the consequences of this trumped up plea. She would have never agreed to stacked 924C charges. And in light of Davis, 924C is vauage.

"In accepting guilty plea, court must comply with Fed.R.Crim.P. Rule 11 and, in particular, address thier core concerns by ensuring that:

1) Guilty plea is voluntary, 2) defendant understands nature of charges 3) defendant understands consequences of plea." "United States V. Bandal-Mena (2006, CA 11 Fla) 177 Fed.

Appx. 929, cert den. (2006) 549 U.S. 922, 127 S.Ct. 280, 166 L. Ed. 2d 214.

Counsel would not hire investigator which kept defendants voice, evidence, witnesses, facts of beating, and facts of her being unarmed from the Courts and readers. See United States v. Padilla-Martinez, 762 F.2d 942 (11th Cir., 1985); Mitchell v. Mason 325 F.3d 732 (6th Cir., 2003) ("The pretrial period constitutes a critical period in criminal proceedings because it encompasses Counsels Constitutionally imposed duty to investigate the case.") United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) "The defendant was denied effective assistance of counsel where his inexperienced trial attorney did little investigation, little pretrial, and no impeachment of witnesses." Harris v. Wood, 64 F.3d 1432 (9th Cir., 1995) "Although police reports listed approximately 32 persons with knowledge of the murder and Harris told him of others, Anderson interviewed only three witnesses. He did not request an investigator to help interview witnesses." "In addition to finding prejudice from individual deficiencies, the district court concluded that the deficiencies it found were cumulatively prejudicial." Harris, 85.3 F. Supp. at 1274. The exact same scenario apples to the defendant in this case at hand.

Counsel further failed to speak to the defendant regarding her appeal and therefore Otts' direct appellate rights were simply disregaurded by counsel, showing more ineffective assistance, not the desire by Counsel to justly deffend his client or protect her rights.

Ott has suffered and still is suffering by counsels ineffectiveness and the removal of her Due Process. One of the most important rights, and the evidence is overwhelming that Otts right as an American to ensure "Due Process of Law" (see 28 U.S.C. § 2253; § 2254, and § 2255).

The Supreme Court has expanded the meaning of due process over the years. For example, the Sixth Amendment guarantees defendant "the assistance of counsel for his defense" But the Supreme Court declared that a criminal defendant in a

felony case has a right to the effective assistance of counsel" (See Strickland v. United States, 404 U.S. 668 (1984)). Thus, the Supreme Court has expanded its interpretation of "Due process" to include "substantive due process." In other words, the rights the Constitution actually provides or protects.

In the more basic sense, "Due process of Law" bears the simple definition that a defendant has a right to present his case. The Supreme Court said in 1914, "The fundamental requisite of due process of law is the opportunity to be heard."

Counsel lacked the desire to defend Ott, a fact that is shown by the lack of time counsel spent with Ott. Two visits to see her and no requests to the Court for discovery, investigator, police reports, or interviewing of witnesses or State Police, shows his non concern for her life or rights.

Bond v. Beard, 539 F.3d 256 (3d Cir. 2008) cert. denied, 558 U.S. 835 (2009) (counsel waited "until the eve of the penalty phase to begin thier preparations" causing "them to fail to inquire meaningfully into Bonds childhood and health expert of mental health of sufficient information to evaluate Bond accurately"; "We will not excuse this conduct on the grounds that Bond and his family members did not tell counsel his background provided fertile territory for mitigation arguments. Neither Bond nor his family had a duty to instruct counsel on how to perform such a basic element of competent representation as the inquiry into a defendants background.")

Gray v. Branker, 529 F.3d 220 (4th Cir. 2008) cert. denied, 556 U.S. 1106 (2009) ("counsel rendered ineffective assistance by failing to investigate and develop for sentencing purposes, evidence that Gray suffered from a severe mental illness.")

Frierson v. Woodford, 463 F.3d 982 (9th Cir. 2006) cert. denied, 551 U.S. 1106 (2007) (counsel was ineffective in failing to investigate and present mitigating evidence and in "inducing and failing to challenge [defense witnesses].... invocation of his Fifth Amendment right to self incrimination and thereby losing best opportunity to refute prosecutions argument that petitioner committed another prior murder.)

Ott never possessed the firearm and was not the one who pulled the alleged deadly trigger and was in fact held by beating in the car and once she broke free, she aided

Case 5:20-cv-04056-LTS-KEM Document 1 Filed 12/07/20 Page 10 of 12

the police in the wheres, whens, whos, and hows... she was in fact a victim also.

Otts' stacked gun charges by Davis, the vaugeness of the 924C charge, and the total ineffectiveness of her counsel in effect Ott had two prosecutors and no defense counsel at all. Her sentence must be vacated, corrected, set aside.

## Conclusion

Ott was alone in the very murky waters of a life changing fight for her life and rights and was appointed counsel that could not have done less than he did.

Ott seeks this court to correct this unjust and unlawful deed and vacate her sentence speedily.

Humbly Submitted By:

*Jessica Rose Ott*
Jessica Rose Ott

Name: Jessica Ott
Reg. No. 17973-029
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

Legal Mail



Judge Strand
US District Court
320 Sixth St. Rm 301
Sioux City, Ia
51101

CERTIFIED MAIL

7019 1640 0002 0248 7759