# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JESSICA ROSE OTT,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C20-4056-LTS<br>(Crim. No. CR19-4021-LTS)<br><br>**INITIAL<br>REVIEW ORDER** |

## I.  INTRODUCTION

This matter is before me on Jessica Rose Ott's pro se motion (Doc. 1) to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Ott contends that she is entitled to relief because she received ineffective assistance of counsel.

On March 19, 2019, Ott was indicted on four counts related to the distribution of a controlled substance, tampering with a witness, victim, or informant, and violent crime involving a machine gun. Crim. Doc. 5. On April 24, 2019, a superseding indictment added a charge against a co-defendant. Crim. Doc. 30. On July 23, 2019, Ott entered pleas of guilty to Count 1, conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), 846 and 860, and Count 4, use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(iii). Crim. Doc. 85. On December 5, 2019, I sentenced Ott to 180 months' imprisonment. Crim. Doc. 140. The judgment was filed the following day. Crim. Doc. 142. Ott did not appeal.

Ott signed her § 2255 motion but did not date it. The court received the motion on December 7, 2020, in an envelope postmarked December 1, 2020. Doc. 1 at 12.

## II.   INITIAL REVIEW STANDARD

Rule 4(b) of the Rules Governing § 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 432 U.S. 63, 75-76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g., Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgment is final 14 days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period

starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> The Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)) (applicable to section 2254 petitions; *see also United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second or successive habeas motion. *Id*.

### III. INITIAL REVIEW ANALYSIS

As noted above, the judgment against Ott was filed December 6, 2019, and she did not file an appeal. Thus, her one-year period to file a habeas motion began 14 days later, on December 20, 2019, and ended December 19, 2020. Because her § 2255 motion was postmarked December 1, 2020, and received by the court on December 7, 2020, it was timely filed.

In her motion, Ott argues that she received ineffective assistance of counsel for multiple reasons. Ineffective assistance of counsel claims are properly raised for the first time in collateral proceedings under 28 U.S.C. § 2255. *See, e.g., United States v. Sanchez-Garcia*, 685 F.3d 745, 755 (8th Cir. 2012). Having reviewed Ott's ineffective assistance of counsel claims, I find that they are not patently frivolous and will therefore direct the Government to respond to them.

A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds to Ott's specific allegations of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegations. In addition, counsel is directed to include with the affidavit all documents that counsel reasonably believes are necessary to respond to Ott's allegations.

The Clerk's Office is directed to provide a copy of this order to Ott's former counsel.[1] After counsel complies with these directives, the Clerk's Office is directed to serve both parties with a copy of the documents that counsel files. If Ott objects to former counsel responding as ordered herein, she is directed to notify the court of the objection and the basis for the objection. Upon receipt of an objection by Ott, the court will notify the parties and counsel that they need not take further action until they are directed to do so by the court.

## IV.  CONCLUSION

For the reasons set forth herein:

1. The Clerk's Office shall provide a copy of this order to Ott's prior counsel. Prior counsel is directed to file an affidavit within **30 days** of this order, responding to the allegations set out in the § 2255 motion (Doc. 1). If Ott objects to former counsel responding as ordered herein, she is directed to notify the court of the objection and the basis for the objection within **21 days** of this order.

2. The Government must file its response to the § 2255 motion (Doc. 1) within **60 days** of this order.

3. Ott may then file a reply within **30 days** of the Government's response.

---

[1] Relevant ethical guidelines are set in the ABA Model Rules of Professional Conduct. *See* ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15. If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

**IT IS SO ORDERED.**

**DATED** this 24th day of January, 2022.

_____
Leonard T. Strand, Chief Judge