IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| JESSICA ROSE OTT, | ) | Case No. 5:20-cv-04056 |
| Plaintiff, | ) | |
| v. | ) | AFFIDAVIT OF PRIOR COUNSEL |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

STATE OF NEBRASKA )
                           ) ss.
COUNTY OF DOUGLAS )

I, Joshua W. Weir, affiant herein, being first duly sworn upon oath, depose and state as follows:

1. I am an attorney duly licensed to practice law in the States of Nebraska and Iowa.

2. I represented the Plaintiff, Jessica Rose Ott, in case number 5:19-cr-4021-LTS-KEM.

3. The following affidavit is being filed in response to the Initial Review Order re Pro Se to Vacate, Set Aside or Correct Sentence (2255) (ECF at 3) filed in the above matter.

4. Ms. Ott entered a guilty to Count 1 of the Superseding Indictment, a violation of 21 U.S.C. 841(a)(1), 21 U.S.C. 841(b)(1)(B), 21 U.S.C. 846, and 21 U.S.C. 860. I do not see any allegations in the Motion to Vacate, Set Aside or Correct Sentence regarding Ms. Ott's plea to Count 1, so I will not address Count 1 any further.

5. At Page 2 of 12, Ms. Ott alleges, "Ott's counsel never brought forth any evidence for her defense." During my representation of Ms. Ott, I spoke, at length, with Assistant United States Attorney Forde Fairchild regarding Ms. Ott's version of events and her explanation about the charge conduct. Had Ms. Ott rejected the proposed plea agreement, I would have presented her defense at a trial of this matter.

6. At Page 2 of 12, Ms. Ott alleges "she was never claimed to have been in possession of a firearm." Discovery materials in this case, which included statements of co-defendants and statements made by Ms. Ott to police, indicated that Ms. Ott was in possession, at some point prior to the shooting, of the 9mm handgun that was used in the shooting of this case.

7. At Page 3 of 12, Ms. Ott alleges counsel never asked for discovery. A Stipulated Discovery Order was entered in this case on April 4, 2019, by Chief Magistrate Judge Kelly Mahoney. (ECF at 21). I was provided discovery materials by the United States Attorney's Office. Those discovery materials were placed into a three-ring binder and I reviewed the discovery materials personally with Ms. Ott at the O'Brien County Jail.

8. At page 4 of 12, Ms. Ott alleged "counsel insisted that she would plea out." This allegation is not true. I personally reviewed the discovery materials in this case and I spoke to Ms. Ott regarding the same and how they related to the elements of the offenses for which she was charged. I explained to Ms. Ott her trial rights and what would happen at a trial. I provided Ms. Ott with my professional opinion of her chances of winning a trial of this matter and I discussed with her the possibility that she could face a significantly higher sentence if she were to lose at a trial. Ms. Ott indicated to me that she would consider a plea offer and I negotiated the best plea offer I could. Ms. Ott elected to accept that plea offer after in-depth discussions with me.

9. At page 5 of 12, Ms. Ott alleged that that she told counsel "she was <u>NOT</u> in possession of said firearm." This allegation is not true. Ms. Ott informed me that she possessed the firearm at issue in this case at some time prior to the shooting. She informed me from whom she obtained the firearm, the location and details of the transaction and how the firearm came to be in the possession of her co-defendant, Isaac McDonald. Her statements to me were consistent with one of the statements she made to police and the statement made by her co-defendant, Isaac McDonald.

10. At page 5 of 12, Ms. Ott alleged "once in court she was told by counsel to agree with everything asked and to be silent or the government was going to add other charges that they agreed to dismiss." This allegation is not true. I do not have a specific recollection of the conversation I had with Ms. Ott in court (presumably at the time of her plea), but that is not a statement I would have made in any such situation.

11. At page 8 of 12, Ms. Ott alleges "[c]ounsel never told Ott she would be 'stacked' on time for her agreeing to 924c charge." This allegation is not true. I spoke at length and on numerous occasions about the fact that Count 1 carried a mandatory minimum term of imprisonment of 5 years and Count 4 carried a mandatory minimum of 10 years of imprisonment and that Counts 1 and 4 would be run consecutive to one another. The foregoing was detailed in paragraphs 2, 3 and 12.C. of the plea agreement which I discussed with Ms. Ott. Further, the plea agreement was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the statutory minimum of 180 months was agreed upon by the parties.

12. At page 9 of 12, Ms. Ott alleges "Counsel further failed to speak to the defendant regarding her appeal." This allegation is not true. I discussed with Ms. Ott her right to appeal her conviction and sentence at the time we went over the plea agreement and immediately after the sentencing hearing in this matter. I discussed with Ms. Ott that her plea agreement contained an appeal waiver but that she still had a right to file an appeal in this matter within 14 days of judgment being entered in this case. She did not direct me to file an appeal in her case.

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 22nd day of February, 2022.

_____
JOSHUA W. WEIR, (AT0008804)

SUBSCRIBED and SWORN to before me this 22 day of February, 2022.

_____
NOTARY PUBLIC

General Notary - State of Nebraska
NOEMI HERNANDEZ DE GRAHAM
My Comm. Exp. Sept. 19, 2024.