RECEIVED JUN - 6 2022

United States District Court

20cv4056

Jessica Ott,
    Plaintiff

V.                    Case No.   5:20-cv-4056-LTS-KEM

United States of America,
    Defendant

        Objection To Government's
        Continued Extentions and
        Violation of Defendant's Due
        Process & Constitution Rights
        Motion For Eviendariory Hearing

Comes Now Jessica Ott, in pro se, in necessity, MOVING for this Honorable Court to find in her favor by GRANTING a long overdue Eviendiary Hearing. Jessica Ott, known herein as the Defendant, SHOWS just legal reasons for not merely a Eviendionary Hearing but said legal reason that her §2255 motion should be GRANTED within the detailed §2255 motion and herein supported further by FACTs and Laws. The Defendant also OBJECTS to the extenstion so freely given to

the prosecution without any notice to herself, allowing this Defendant an oppertinity to SHOW the Court any additional delay would violate the Due Process and Constitutional rights she holds within this Court.

The disadvantage Ms. Ott already must preveil over sets her at almost a quantity of failure by merely the status's of party involded, such as, Ms. Ott is the Plaintiff now but before she was the defendant with, the United States Prosecutor seeking the highest amount of federal prison time to be ordered against her.

Then and Now Ms. Ott faces the United States Prosecutor a person well schooled, trained, with a working relationship with the judge, holding a high level of trust, and is seen always correct in the Courts opition. As one could see this can not be viewed an equal or fair battle.

The Defendant has no schooling of highier education, no schooling of law or legal tactics, no working relationship with the judge, is always concerned "a liar, bad person, inmate, and most CERTAINLY never a equal to the prosecutor nor the judge.

The table is set to allow all parties to pertake of the laid out buffet except Ms. Ott. The Constitution within the 14th Amendment Claims

... "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

There is no devide mentioned between a prosecutor and a Plaintiff and/or Defendant. Each are equally human beings to be treated as such.

This prosecution has requested and recieved well over a year and a half of stalling time that the prosecutition has yet to address one single word and/or claim presented by this Plaintiff.

Ms. Ott presented several new findings and she SHOWED how disregarded court appointed defense counsel represented her before this Honorable Court and how her Constitutional rights had been vidated, she even can prove Structural Errors which warrants relief be GRANTED without delay.

This unjustified lenth of the governments shows (1) the knowledge Ms. Ott's correct in her claims and the government is waiting her out, (2) Knows that the Court will favor the requests of the them or (3) just disregards the legal rights and process in full because after all Plaintiffs situtated as

Ms. Ott is offer zero legal challenge, because the prosecution knows a win is one hundred percent going to be granted to them so why bother with such a low level legal agruement by a "pro se" convicted inmate".

The statements may or may not seem harsh before this Court, but honestly are they misspoken and believed? Ott, thinks not harsh, just correct and a unclouded understanding of her fight for justice and to be seen and heard verses the polished prosecutor's blindly trusted and believed postition. To continue to sit by Ms. Ott will fail to be heard which means she will file to regain her life and liberty. That can not happen. The Plaintiff already suffered the refussal to allow her to move forward with a trial by court appointed defense counsel who worked with prosecution and, therefore, against Ms. Ott. Being dismissed, waved off like a bug, or over looked as the beaten, abused victim she was continues to violate her due process. If a person is forced, tricked, mislead, or coersed into signing a plea agreement and factual stitiplation that they disagree with, has misleading information within it that defendant was denied their right to go to trial by not having the "real" opportunity at all.

Plaintiff has claim that she was denied her right to a speedy trial, the right to testify on her own behalf, the right to call witnesses (which she has several including the real shooter and eye witnesses to the beatings she suffered removing her of her own free will) and the right to effective counsel during her whole legal process. Morrissey v. Brewer, 408 U.S. 471, 488, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). A defendant must be given an opportunity to be heard in person, and to present witnesses and documentary evidence. See Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); Fed. R. Crim. P. 32.1(a)(2). Even a hearing as small as a revocation a defendant has those rights. So, the Plaintiff holds them in regards to her § 2255.

Furthermore, Ms. Ott presented to this Court a Motion for an evidentiary hearing once before and the motion was replied to by yet another motion by the prosecution for extention of time, to which by the time Ms. Ott recieced the prosecors request to the Court, the Court had already granted said motion to further extend prosecutions time to reply to Plaintiff's § 2255 motion. Ms. Ott had sent a motion for an EVIDETRARY HEARING and that motion was simply cast into the rapids to appear to never had been presented.

6

A EVIDENTIARY HEARING motion is NOT the Plaintiff's §2255. The prosecution has never offered any response to her §2255 and now the prosecutor seems to be being granted an extension of time to the Plaintiff's §2255 again when the motion demanding answer at that point in time was evidentiary hearing motion. Therefore, the prosecutor was replying to her Motion for Evidentiary Hearing with that request, yet recieved more time for the §2255, or the Plaintiff's motion for the overdue hearing was never regarded. Both offer more CLEAR fact that the Plaintiff's not equal and not going to be heard. There is no question if the Plaintiff did not reply for almost right at 2 (Two) years this Court would deny for failure to prosecute, she would never be allowed the missing of ordered deadlines by the Court, 2 yrs worth of extentions (not one being sent to the Plaintiff before the Court granted it unquestioning and uncontested as is the Plaintiff's right to Transverse).

Being the Plaintiff and not the Defendant now, this Court as to treat her claims as fact/True just as when the government made their claims against her. That merits this Court seeing to her claims and warranting a hearing on each one made. The prosection can give their defense at that point in time which also will allow this Plaintiff to motion for counsel to aide her in the process.

There is testoimy that Ms. Ott can ONLY reach with defense counsel, therefore to not grant the proceedings to Vacate, Set A Side, or Correct her illegal sentence or the Evidentary Hearing with her present would knowingly prevent EYEWITNESS testimony on Plaintiff's behalf in regards to beatings, control, orders to stay in car when PSR and government claimed she stayed of her own free will, to present photographs withheld to the Court showing the beatings, witnesses that the Plaintiff never had possession of a firearm at all, and eye witness testiomy by law officers that Ms. Ott was the person who once free of the absuers and out of the car she came to the police for help and took them to scene personally.

None of the real facts were presented before this Court by defense or prosecution.

For all above reasons in regards to the EVIDENTIARY HEARING MOVES this Court to schedule and conduct said hearing in an EXPEDITIOUS MANNER as mandated by 28 U.S.C. §2255 and Rules governing 28 U.S.C. §2255, Rule 8(c). Ott avers that this Court's CONTINUAL DELAY of JUSTICE is in violation of her Constitutional / Civil Rights.

Moreover, the mandatory language of Rule 8(c)'s prompt hearing requirement, the longstanding preference for promptly remedying unlawful incarceration, and the partial analogy to the Constitutional right to a SPEEDY TRIAL afforded incarcerated petitioners a basis for seeking to EXPEDITE HABEAS CORPUS PROCEEDINGS lest their right to prompt release from unlawful custody be mooted by unnecessary delay. The records in this case will show just as every other defendant's records, that the defendant agreed in court.... but, the Plaintiff WILL SHOW that she WAS misled and sadly believed counsel that she must say and do as he said or her prison time would be longer. The record can't show anything other at that point because Ms. Ott did not know the rules, rights and was trusting the words and demands of defense counsel the court told her to trust.

Even now courts are strongly disagreeing with prosecutions attempting or having charged defendants with conspiracy or /and possession of firearms/ dangerous weapons by merely being present. Ms. Ott is being held HOSTAGE in VIOLATION of the CONSTITUTION and LAWS passed in pursuance thereof. Evidentiary Hearing is grossly overdue in this case, in support, the Plaintiff shows the followings just in support of this here

motion and the request of resentencing merely for the gun charges and enhancements; (§2255 allows total of claims).

(1): 11th Circuit Grants Rehaif 2255: Irving Seabreeze was in a car driven by Joe Doaks when Joe stopped, got out, broke into another car, and stole some guns. Joe handed one to Irv, who said he wanted nothing to do with the gun and put it in the glove compartment.

It turned out Joe had a prior. He was charged with felon-in-possession, and Irv was charged with aiding and abetting Joe's unlawful possession. Irv argued on a 2255 that his conviction was flawed under Rehaif v. US, because the government did not show Irv knew Joe was convicted felon. The 11st Circuit held that Rehaif retroactively applied on an initial 2255, and given the weakness in the government's evidence that Ive had ever possessed the gun, the failure to show Ive knew Joe was a felon was fatal to the aiding and abetting claim. Of special interest is the Circuit's ruling that Ive's momentary inspection of the gun followed by putting it in the glove box did not amount to possession. Seabrooks v. United States, No. 20-13459,

2022 US App. LEXIS 12322 (11th Cir. May 6, 2022).

(1) In this case the government and PSR, and Defense counsel knowningly falsly represented Ms. Ott had active actual possession of the firearms which in PSR hindly stated the actual names of the persons who held the guns and who actualy fired the guns which attempted the killing. Ott being there (not even holding a gun to inspect it or place in a glovebox can NOT be possession, her hands not one time touched, branished, pointed, threatened, or used any firearm). The weak claim that Ott was in the car does not justify possession expessionaly when Ott was threatened, beatened with the butt of said firearm <u>not</u> to MOVE or try to leave the back locked seat of codefendant's car.

(2) Aiding and Abetting was impossible since Ott was held hostage by active owner and fellow person in backseat who beat Ott for her attempt to flee when she heard what they were going to do and she saw the firearms be pulled out.

(3) The Supreme did the right thing remanding therefore, forcing the district court to address these issues in United States v. Toki, 822 F. App'x 848 (10th Cir. 2020), petitioners Sitamipa Toki, Eric Kamahele, and Daniel Maumau filed motions under 28 U.S.C. § 2255 to vacat, set aside, or correct their sentences stemming from a series of armed robberies. They made several arguments in their motions, including that their convictions were not a "crime of violence" as defined by the statute. In light of Borden v. United States, 141 S. Ct. 1817 (2021), which held that a crime that can be committed with a mens rea of recklessness cannot qualify as a "violent felony" under the Armed Career Criminal Act's ("ACCA") "elements" or "force" clause, § 924(e)(2)(B)(i). Id. at 1825. The parties agree that, after Borden, offenses that can be committed recklessly are not "crimes of violence" under § 924(c)'s nearly identical elements clause, § 924(c)(3)(A). As a result, the petitioners' predicate assault convictions under the Violent Crimes in Aid of Racketeering statute ("VICAR"), 18 U.S.C. § 1959, cannot support their seperate convictions under § 924(c) convictions based on violations of VICAR.

See also United States V. Bowen, 936 F.3d 1091, 1108 (10th Cir. 2019) (quotation omitted). Section 924(c) makes it a crime to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime." § 924(c) § 924(c)(1)(A). It defines a "crime of violence" as: [A]n offense that is a felony, and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. § 924(c)(3). In United States V. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the statute's residual clause § 924(c)(3)(B) is unconstitutionally vague. Id. at 2336. We subsequently held that Davis announced a new substantive rule that applies retroactively on collateral review. Bowen, 936 F.3d at 1100-01. Therefore, petitioners' § 924(c) convictions must be based on predicate offenses that are categorically crimes of violence as defined by the elements clause, § 924(c)(3)(A). In Borden, the Supreme Court held that an offense that can be committed recklessly does not categorically meet the definition of a "violent felony" under

ACCA's elements clause. Borden, 141 S.Ct. at 1825. ACCA's elements clause is nearly identical to the elements clause of §924(c).

Both require that a predicate offense "has as an element the use, attempted use, or threatened use of physical force against... another." §§ 924(c)(3)(A), 924(e)(2)(B)(i).

The Court in Borden reasoned that "the phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual." Borden, 141 S.Ct. at 1825. Reckless conduct cannot satisfy this standard because it "is not aimed in that prescribed manner." Id.

In this herein case Ott never "used, attempt use, or threatened use of physical force against another. The requirements that her predicte offense "has as an element" and her being in the car as a hostage who was beaten and threatened when she saw what the men were doing does not meet the required elements and since she was there recklessly the 924(c) crime of violence MUST be removed and Ott resentenced.

And further, on remand, the government conceded that Borden's reasoning applies in kind to §924(c)'s element clause. "Indeed, we have previously held that the elements clauses of ACCA and §924(c) should be interpreted identically with respect to what mens rea they require. See Mann, 899 F.3d at 907-08 (concluding that while §924(c)(3)(A), unlike ACCA's elements clause, also reaches property crimes, this fact "does not offer a meaningful basis for a mens rea distinction" (cleaned up)). We therefore hold that, after Borden, an offense that can be committed recklessly is not categorically a "crime of violence" under §924(c)'s elements clause. To the extent that our decision in Mann held to the contrary, it is overruled by Borden. Moreover, and as the government likewise concedes, the new rule announced by Borden applies retroactively to the instant appeals. While new constitutional rules of criminal procedure usually do not apply to cases which have already become final, see Teague v. Lane, 489 U.S. 288, 310-11 (1989), new substantive rules announced by the Supreme Court "generally apply retroactively," Schriro v. Summerlin, 542 U.S. 348, 351 (2004). Substantive rules

include decisions "that narrow the scope of a criminal statute by interpreting its terms." Id.; see also Bousley v. United States, 523 U.S. 614, 620-21 (1998)(holding that the rule announced in Bailey v. United States, 516 U.S. 137 (1995), which narrowed the scope of the term "use" in §924(c), applied retroactively).....

The trial court erred when it instructed the jury otherwise. Moreover, the trial court's error had an "substantial and injurious effect or influence in determining the jury's verdict," and therefore was not harmless. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)(quotation omitted).

Had the trial court concluded that petitioners' VICAR offenses were not crimes of violence, the jury could not have convicted them of §924(c) crimes based on those offenses. See Bowen, 936 F.3d. at 1109.

Ms. Ott request this government also concedes and joins her in the legal fact that resentencing MUST accrue in the light of all forementioned content.

In further support of Ott's claim that her merely being within the car does not reach involvement. See Also United States V. Patch ..., The court also determined that her simple presense did not affect the analysis either:

"To be sure, we previously have distinguished between "mere presence" and "culpable presence". Although mere presence will NOT suffice to substain criminal charges, "a defendant's presence at the point of a drug sale, taken in the light of attendant circumstances......

Because the attendant circumstances do not differ from those surrounding an innocent car ride, there is no basis to find, by preponderant evidence, that her presence was anything other than innocent." Vacated for resentencing.

In Ott's case she was unknowing, never in possession of any fire, never issued any threats to the victim, never any gun resdue found on Ott's hands and she went and took the officers to the scene before she was even under arrest, and she was the reciever of beating by male codefendant.

Ms. Ott deserves to be resentenced to time served and asks this Honorable Court to follow the steps of the Supreme Court and other District Courts Conclusions.

In the light of FACTS never told to this Court and new law.

So much time has lapsed by... over 3 years of her life. Ott does not claim innocent to the drug count and has served that sentence. The wrongful sentence stems from the 924(c) and having a crime of violence, all which raised her guideline range and caused an additional term of prison to be served.

Done This 23rd Day of May 2022

Humbly,

x Jessica Ott

## Certificate of Service

I, the undersigned, do hereby certify that a copy of this herein instrument has been mailed via, US mail prepaid, first-class affixed to the Clerk of this Court. Further, she request that a copy be provided to all interested parties via, CM/EMF System as she is detained and has no other means.

Done This 23rd Day May 2022

Humbly,

X Jessica Ott

Jessica Utt
#17973-029 2N
FMC-Carswell
PO Box 27137
Ft. Worth TX 76127



Cannot
Sue
Jo

⇔17973-029⇔
United States District Crt
320 Sixth St. Room 301
Sioux CITY, IA 51101
United States

XRAYED US MARSHALS SERVICE

CERTIFIED MAIL