In The United States District Court
For The Northern District Of Iowa
Western Division

RECEIVED AUG 0 1 2022
Clerk, U.S. District Court

Jessica Rose Ott,
Plaintiff

V.

Case No. CV-20-4056LTS
CR-19-4021LTS

United States of America,
Defendant

Plaintiff's Response to Government's Memorandum in Response To Plaintiff's 28 U.S.C. §2255 Motion;

Comes Now, Jessica Ott, known herein as the Plaintiff, in pro se, in necessity MOVING this Honorable Court to GRANT her 28 U.S.C. §2255 motion to Vacate, set aside, or Correct her illegal sentence and DENY the governments request made to dismiss Plaintiff's 2255 motion.

I.

BACKGROUND

On July 23, 2019 the Plaintiff pled guilty to Count 1 and 4 of a four count superseding indictment. Count One charged Plaintiff with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846 and 860.

Count Four charged Plaintiff with use of a firearm during and in relation to a drug trafficking crime and a crime of violation, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 0924 (c)(1)(A). On December 5, 2019, Plaintiff was sentenced to 60 months' imprisonment for Count One, and 120 months for count Four to run consecutively and judgement was entered on December 6, 2019. No appeal was filed.

In Part B of the Governments response on page 5 the government makes the claim that "the Plaintiff's claims are procedurally barred because she did not raise these issues on direct appeal". Further, the government claims also on page 5 that, "Plaintiff (movant) has not shown cause for her failure to raise these challenges on appeal. In addition, movant has not demonstrated actual prejudice"... "it fails on the merits".

Reply by Plaintiff; I.

A claim of ineffective assistance of counsel will often involve "a claim of attorney error" during the course of a legal proceeding-" for example, that counsel failed to raise an objection at trial or to present an argument on appeal. Roe v. Flores-Ortega, 528 U.S. 470, 481, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). A defendant raising such a claim can demonstrate prejudice by showing "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." id., at 482, 120 S.Ct. 1029, 145 L.Ed. 2d 985 (quoting Strickland, 466 U.S., at 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674; interal quotation marks omitted).

Ms. Ott's claim is not merely that the result of the proceedings would have been different, but just as in Lee V. United States, in this case counsel's "deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself". Flores-Ortega, 528 U.S., at 483, 120 S.Ct. 1029, 145 L.Ed. 2d 985. When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than to go to trial, we do not ask whether, had he gone to trial, the result of that trial "would have been different" than the result of the plea bargain. That is because, while we ordinarily "apply a strong presumption of reliability to judicial proceedings," "we can not accord" any such presumption "to judicial proceedings that never took place." Id., at 482-483, 120 S.Ct. 1029, 145 L.Ed. 2d 985 (interal quotation marks omitted).

We instead consider whether the defendant was prejudiced by the "denial of the entire judicial proceeding... to which he had a right." Id., at 483, 120 S.Ct. 1029, 145 L.Ed. 2d 985. As we held in Hill V. Lockhart, when a defendant

claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a "reasonable {198 L. Ed. 2d 485} probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S., at 59, 106 S. Ct. 366, 88 L. Ed. 2d 203.

The government wishes to blame the Plaintiff for failure to raise her claims in a direct appeal, when it was counsel's deficient performance that futher deprived her of her direct appeal, just as counsel's deficient performance denied her her trial. By the government claiming she failed the government in effect is claiming the Plaintiff was alone and had not been protected under the Sixth Amendment which guarantees a defendant the effective assistance of counsel at "critical stages of a criminal proceeding," including when he enters a guilty plea." Lafler v. Cooper, 566 U.S. 156, 165, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); Hill, 474 U.S., at 58, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203.

Because the government CLEARLY claims it is due to the Plaintiff's failure they have now avered on record the Plaintiff was alone, which would only mean she was without counsel. The government did not state the "counsel for" or "the Plaintiff's counsel".

Where there is one insistance of abandament it is more then reasonable to apply a strong presumption of reliabilitiy that this Plaintiffs claims of unprofessional, deficient, inadequate representation in all other vital stages of her criminal proceedings.
Defense counsel knew he was constitutionally ineffective in his abandament throughout and did not even bother to attempt to provide the required stage of filing his clients requested direct appeal.

Consulting with Client Regarding Appeal Is Mandatory, Even if Client Waived appeal rights, United States V. Herring, 2019 WL 4019905 (No. 18-4023, 10th Cir. Aug. 27, 2019).
Even where a plea deal includes a waiver of appellate rights, the trial attorney needs to consult with the client about appeal and file a notice of appeal if the client wants it otherwise ineffective assistance of counsel.
SCOTUS defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendants wishes!"
Roe V. Flores-Ortega, 528 U.S. 470, 478 (2000).

Ms. Ott MOVES that one required Element of counsels representation and duties being deficient, there is no way of those have

been any effective assistance of counsel. Just as All "elements" of a crime MUST be found in the matter, otherwise the defendant cannot be found guilty of its commission, or if "elements" of a contract a missing or broken the contract as a whole is VOIDED. Therefore, one element of ineffective assistance of counsel equals a complete failure to render the defendant effective assistance of counsel.

Also see: United States V. Bennerman, NO. 17-6544, 2019 WL 4200974 (4th Cir., Sept. 5, 2019) District improperly dismissed 2255 motion under the "law of the case" doctrine and the Johnson-type challenge to an ACCA sentence was not procedurally defaulted because it was previously unavailiable during direct appeal. Reversed and Remanded. ; Neill V. United States, NO. 18-5350, 2019 WL 4200387 (6th Cir., Sept. 5, 2019) Rejecting argument that attorney can give client unreasonable advice that leads client to not file an appeal without client's Sixth Amendment rights.

II.

Ms. Ott has very simlar circumstances to Three landmark rulings (1) United States V. Seabrooks Case No. 20-13459, 2022 US App LEXIS 12322 (11th Cir. May 6, 2022); United States V. Borden

and United States V. Patch

First, in Seabrooks he was charged with and found guilty of aiding and abetting a 922(g) claim, otherwise known as a felon in possession of a weapon. The testimony at trial indicated that a codefendant broke into a car, stole objects and placed them into the car that Seabrooks was inside. Seabrooks never left the vehicle.

When they were caught later that day, the car that Seabrooks was in was searched and firearms were found. Seabrooks made statements that indicated that he touched the gun but he didn't want guns around so he put it in a pouch in the car. The prosecutor read a stipulation that both Seabrooks AND THE CODEFENDANT (this is important) had been previously been convicted of a felony and as such were not legally allowed to possess a firearm or ammunition.

At the charge conference (which is when the parties meet with judge and determine/argue about what instructions about the law the jury should get when they argue), the prosecutors asked and got an "aiding and abetting" charge. They got the charge, which means that the jury could convict Seabrooks on either felon in possession of a firearm or aiding and abetting the offense of felon in possession of a firearm.

Seabrooks filed a 2255. While the motion was pending the Supreme Court decided Rehaif, which stated that "the government must prove' that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" in a prosecution under 18 U.S.C. 922(g) and 924(a)(2)."
Seabrook let the court know about this new law.

In Ott's case it was never proven she was the person it possession and it was never proven she knew the defendant ________ had intention to use and attempt to kill some one. Had Ott known this was the plan there would have been no reason for the shooter to beat Ott in the backseat and refuse to

allow her to leave to car. A willing knowing active party to this conspiracy would not have needed being beatened and restrained. Second, Ott went seeking help. She is the person that on her own took the police to the scene directly after being pistol whipped and excaping!

Prosecution is fully aware and should have never greedingly sought a large prison sentence on the witness and other victim because that is gross misconduct and and major case of ineffective assistence of defense counsel.

Ott also calls upon the new Supreme Court case that is retroactive United States V. Borden, 141 S. Ct. 1817 (2021); citing United States V. Toki, 822 F. App'x 848 (10th Cir. 2020) petitioners Sitamipa Toki, Eric Kamahele, and Daniel Maumau filed motions under 28 U.S.C §2255 to vacate, set aside, or correct their sentences stemming from a series of armed robberies. They made several arguments in their motions, including that their convictions under 18 U.S.C. §924 (c) for using and carrying a firearm during a crime of violence were invalid because their predicate convictions were not crimes

violence" as defined by the statute. The district court denied the §2255 and we affirmed.

The Supreme Court has now Vacated our judgment and remanded for resentencing in light of its intervening decision in Borden V. United States, 141 S. Ct 1817 (2021), which held that a crime that can be committed with a mens rea of recklessness cannot qualify as a "crime of violence" or "violent felony" under the Armed Career Criminal Act's ("ACCA") "elements" or "force" clause, §924 (e)(2)(B)(i). Id. at 1825. The parties agree that, after Borden, offences that can be committed recklessly are not "crimes of violence" under §924(c)'s nearly identical elements clause, §924 (c)(3)(A). As a result, the petitioners' predicate assault convictions under the ("VICAR"), 18 U.S.C. §1959, cannot support their separate convictions under §924(c). §2255 remanded with instructions to vacate §924(c) convictions.

Those §924(c) convictions were thus, "imposed under invalid, unconstitutional legal theory" and MUST be vacated. United States V. Bowen, 936 F. 3d 1091, 1108 (10th Cir. 2019) (quotation omitted). Section 924(c) makes it a

to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime", §924(c)(1)(A). It defines a "crime of violence" as: An offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. §924(c)(3). In United States v. Davis, 139 S.Ct. 2319 (2019), the Supreme Court held that the statute's residual clause §924(c)(3)(B) is unconstitutional vague. Id. at 2336. We subsequently held that Davis announced a new substantive rule that applies retroactively on collateral review. Bowen, 936 F.3d at 1100-01. Therefore, petitioners' §924(c) convictions must be based on predicate offenses that are categorically crimes of violence as defined by the elements clause, §924(c)(3)(A). In Borden, the Supreme Court held that an offense that can be committed recklessly does not categorically meet the definition of a "violent felony" under ACCA's elements clause.

Borden, 141 S. Ct. at 1825. ACCA's elements clause is nearly identical to the elements clause of §924(c). Both require that a predicate offense "has as an element" the use, attempted use, or threatened use of physical force against... another." §§924(c)(3)(A), 924(e)(2)(B)(i). The Court in Borden reasoned that "the phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual." Borden, 141 S. Ct. at 1825. Reckless conduct cannot satisfy this standard because it "is not aimed in that prescribed manner." Id.

On remand, the government concedes that Borden's reasoning applies in kind to §924(c)'s element clause. Indeed, we have previously held that the elements clauses of ACCA and §924(c) should be interpreted identically with respect to what mens rea they require. See Mann, 899 F.3d at 907-08 (concluding that while §924(c)(3)(A), unlike ACCA's elements clause, also reaches property crimes, this fact "does not offer a meaningful basis for a mens rea distinction" (cleaned up)). "We therefore hold that after Borden, an offense that can be committed recklessly is not categorically a "crime of violence

under §924(c)'s elements clause. To the extent that our decision in Mann held to the contrary, it is overruled by Borden. Moreover, and as the government likewise concedes, the new rule announced by Borden applies retroactively to the instant appeals. While new constitutional rules of criminal procedure usually do not apply to cases which have already become final, see Teague V. Lane, 489 U.S. 288, 310-11 (1989), new substantive rules annoced by the Supreme Court "generally apply retroactively." Schriro V. Summerlin, 542 U.S. 348, 351 (2004) Substantive rules include decisions "that narrow the scope of a criminal statute by interpreting its terms." Id.; see also Bousley V. United States, 523 U.S. 614, 620-21 (1998) (holding that the rule announced in Bailey V. United States, 516 U.S. 137 (1995), which narrowed the scope of the term "use" in §924(c), applied retroactively).

In Ott's case Seabrooks circumstances almost mirror each other with, Ott's could not leave the car because she was beaten a threatened unlike Seabrook. But Ott held no domain or knowledge of others intent until she was present and hurt. Seabrook handled

the stolen firearm when handed to him, Ott's held no domain over the firearm that was "used" by another person. Ott was not in possession and did not use branish or threaten another with the firearm, instead Ott was hit repeatingly with the firearm.

These new rules did not exist when Ott was sentenced and she can retroactively use them to warrant out of fairness and justice her sentenced to be Vacated and remanded to district court for resentencing

The other factors such as the safety valve need also to be accounted for within Ott's resentencing.

And any additional reductions this Honorable Court sees fit.

Done This 22nd Day of July, 2022

Humbly,

[signature]

# Certificate Of Service

I, the undersigned, do hereby certify that this foregoing instrument has been sent to the Clerk of this Court via certified US mail. Further, she requests that all interested parties are provided copies via the CM/ECF system as she is detained and has no other means.

Done This 22nd Day of July, 2022

Humbly,

X [signature]

Jessica Ott 2North
FMC Carswell
PO Box 27137
Ft. Worth, Tx 76127

illegible
jlh

RECEIVED AUG 01 2022
Clerk, U.S. District Court

⇔17973-029⇔
United States District Crt
320 Sixth St. Room 301
Sioux CITY, IA 51101
United States

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7021 0950 0000 5457 6818

Legal Mail

Legal Mail